| | | |
|---|---|---|
| STRATEGIC CAPITAL HOLDINGS, LLC | * | NO. 2021-CA-0672 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| GILBERT P. BENNETT, III AND HITHE-JAH PROPERTIES, LLC | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

* * * * * * *

CONSOLIDATED WITH:           CONSOLIDATED WITH:

HITHE-JAH PROPERTIES, LLC         NO. 2021-CA-0673

VERSUS

STRATEGIC CAPITAL
HOLDINGS, LLC, GILBERT P.
BENNETT, III AND THE CITY OF
NEW ORLEANS


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-06771, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

       COUNSEL FOR PLAINTIFF/APPELLEE

Scott Joseph Sonnier
ATTORNEY AT LAW
601 Poydras Street
Suite 2355
New Orleans, LA 70130

       COUNSEL FOR DEFENDANT/APPELLANT

**REHEARING GRANTED FOR CLARIFICATION; ORIGINIAL**
**OPINON AFFIRMED**
**SEPTEMBER 20, 2022**

We grant Hithe-Jah Properties, LLC's ("Hithe-Jah") application for rehearing for clarification of its argument that it and Gilbert P. Bennett were co-owners of the property with an undivided ninety-nine percent and one percent ownership, respectively.

Following this Court's July 29, 2022 decision, Hithe-Jah filed an application for rehearing, requesting that the ruling of the trial court that granted summary judgment and confirmed and quieted the tax title be reversed and the matter remanded for further proceedings. Hithe-Jah based its application on the following: (1) Mr. Bennett purchased an undivided one percent interest in the property; (2) a tax deed was issued by the City of New Orleans whereby ownership and title to the property was passed to Mr. Bennett, subject to Hithe-Jah's right to redeem; and (3) a notice of lis pendens was recorded at the time of the sale of the property by Mr. Bennett to Strategic Capital Holdings, LLC and subsequent transfers. Hithe-Jah argues that at all material times it and Mr. Bennett were co-owners of the property and were both entitled to notice of the tax sale.

On rehearing, we find that Hithe-Jah and Mr. Bennett were not co-owners of the property. After Mr. Bennett acquired one percent interest of the property in the 2009 tax sale, the tax sale certificate was recorded on February 2, 2010. Subsequent to Mr. Bennett's failure to pay taxes, the City conducted another tax sale, and Lakeview Holdings, LLC ("Lakeview") acquired 100 percent interest in the tax title. The tax sale certificate was recorded in the conveyance records on October 27, 2010.

It is well recognized that the "term 'tax sale' actually denotes that it is the tax lien that is purchased in the form of tax sale title, albeit with future rights of ownership after due notice to all 'tax sale parties' and the expiration of the redemptive period, as well as the filing of a suit to quiet title." *Stow-Serge v. Side by Side Redevelopment, Inc.*, 2020-0015, p. 4 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 76.

At the time of the tax sale to Lakeview, Mr. Bennett was not an actual owner of the property. Mr. Bennett was the holder of tax lien in the form of tax sale title. The City sent pre-sale tax notices to Hithe-Jah on April 9, 2009, October 1, 2009, and November 2, 2009. Additionally, Hithe-Jah received post-tax sale notice on August 5, 2011. Hithe-Jah was duly notified of the tax sales and failed to redeem prior to the termination of the redemptive periods.

For these reasons, we grant rehearing for clarification and affirm our original opinion.

**REHEARING GRANTED FOR CLARIFICATION; ORIGINAL OPINION AFFIRMED**